UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JANICE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-152 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) or supplemental security income (SSI) benefits. On June 30, 2004, plaintiff filed her applications for benefits, claiming a March 1, 2004 onset of disability.[1] On October 22, 2004, plaintiff's claims were denied on initial review. (A.R. 32-33). On April 23, 2007, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 248-78). When the ALJ asked plaintiff what prevented her from working, plaintiff testified as follows:

> Well a lot of time, I'm in a heavy depression time in my life and I think the depression is because I'm in pain all the time and I have uncontrollably, my blood pressure is out of control which I think all of that kinda helps contribute to my pain.

---

[1] SSI benefits are not awarded retroactively for the months before and the month in which an application for benefits is filed. 20 C.F.R. § 416.335; *see Branham v. Commissioner*, 191 F. App'x 135, 137 (3d Cir. 2006); *Baldwin v. Barnhart*, 167 F. App'x 49, 51 (10th Cir. 2006). Therefore, the question before the Commissioner on plaintiff's SSI claim was whether plaintiff was disabled in or after July 2004, not plaintiff's alleged onset date of March 1, 2004.

(A.R. 257). Plaintiff testified that she had never been hospitalized for mental problems and that she was not receiving treatment:

> Q   You haven't been hospitalized for nerves or stress problems or mental problems or mental problems, have you?
>
> A   No.
>
> Q   You're not treating with any therapists or psychologists are you?
>
> A   No. I did ask one of my doctors, I believe it was Dr. Gilberk. She asked me if I would be willing to talk to somebody over my depression and I told her yeah, but we never did get that far.

(A.R. 260). On May 22, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 14-22). On January 10, 2008, the Appeals Council denied review (A.R. 3-5), and the ALJ's decision became the Commissioner's final decision. On February 14, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. Plaintiff's brief raises a single issue:

> THE COMMISSIONER ERRED IN FAILING TO ADEQUATELY CONSIDER CLAIMANT'S PSYCHIATRIC COMPLAINTS AS REQUIRED BY LAW.

(Plaintiff's Brief at 4, docket # 6). Upon review, I find that plaintiff's argument does not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124,

125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability of March 1, 2004, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that plaintiff had the following severe impairments: "rheumatoid arthritis, hypertension, depression and a reading disorder." (A.R. 16). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible:

> The claimant testified she has depression; high blood pressure; and feet, thigh, wrist, and back pain. She stated that her pain level is 8/10. The claimant testified she relieves her pain by taking her medications and going to the hospital for Valium and Vicodin. She stated she can lift a gallon of milk and walk about three to four blocks. The claimant testified her seven year old son lives with her. The claimant testified she cries a lot daily. She stated she can not sit and watch a movie from beginning to end. The claimant testified she sometimes can not cook a meal because of her wrist pain. She stated she talks to her friends a lot. The claimant testified she has memory problems.
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> The claimant testified that she talks to her friends a lot but in September 2004 stated she had very little social contact. The claimant testified she sometimes can not cook a meal because of her wrist pain but in September 2004 reported she did her own meal preparation (Exhibit B2F). The claimant testified she has memory problems but in November 2002 it was reported in the Sparrow Family Health Center progress notes that the claimant had no memory deficits. In August 2004 the claimant stated she had no trouble remembering things (Exhibit 1E). The claimant testified she goes to the hospital to relieve her pain with Valium and Vicodin but there are no medical records to substantiate this. The claimant has a sporadic work history, which may be indicative of someone who is not real[ly] motivated to work.
>
> * * *
>
> The medical records establish the claimant has rheumatoid arthritis, hypertension, depression, and [a] reading disorder. However, in April 2004 it was reported in the Sparrow

>Family Health Center progress notes that the claimant had normal affect, orientation, memory and judgment/insight (Exhibit B1F).  Dr. Burke averred the claimant did not have a medical need for assistance with any of her personal care activities (Exhibit B6F).  In October 2004 the claimant reported she had been on Zoloft for five months and it had been helpful with her depression.  Dr. Jones stated the claimant had normal range of motion of the neck, back, shoulders, elbows, wrists, hands, hips, knees, ankles and feet.  Dr. Jones averred the claimant could get on and off the exam table without difficulty.  Dr. Jones reported the claimant did not have any acute effusion or joint deformities.  Dr. Jones reported the claimant did not need an assistive device and had an unremarkable gait (Exhibit B3F).  In October 2005 it was reported in the Sparrow Family Health Center progress notes that the claimant had only mild tenderness over bilateral carpal bones with no other abnormalities noted.  In January 2007 the claimant complained of an arthritis flare-up of her right hip of only a few days.  The claimant had a negative right hip x-ray (Exhibit 6F).  The claimant was assigned a GAF score 55, which is indicative of only moderate psychological symptoms and is not work preclusive.  The claimant does not have any psychotic symptoms and does not need a structured living arrangement.  The claimant has not been fully compliant with her medical treatment.  In October 2004 the claimant reported to Dr. Jones she had problems with compliance of her medical treatment (Exhibit B3F).  In August 2005 the claimant stated she had been noncompliant with her blood pressure medication (Exhibit B5F).  The claimant is the primary caregiver of her seven year old son, which can be both mentally and physically exhausting.

(A.R. 19-20).

The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

>After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift or carry a maximum of 20 pounds occasionally and 10 pounds frequently.  In an eight-hour workday, the claimant can stand or walk for six hours and sit for six hours.  She needs the option to sit or stand at will.  The claimant should never use ladders, scaffolds or ropes.  She should only occasionally use ramps or stairs, stoop, crouch, kneel, crawl or balance.  The claimant should avoid concentrated exposure to extreme heat, extreme cold, wetness, humidity and vibrations.  She should never work with hazards including dangerous/unprotected machinery or work at unprotected heights.  The claimant should only occasionally bend, twist or turn at the waist/neck.  The claimant should only occasionally push or pull with either upper extremity.  The claimant can only do simple unskilled work with a specific vocational preparation (SVP) rating of 1 or 2 only.

(A.R. 18).  Plaintiff was unable to perform her past relevant work.  Plaintiff was forty-four years old as of her alleged onset of disability date and forty-eight years old as of the date of the ALJ's decision.

Thus, at all times relevant to her claims for SSI and DIB benefits plaintiff was classified as a younger individual. The ALJ found that plaintiff has a limited education and is able to communicate in English. (A.R. 21). The ALJ found that the transferability of job skills was not material because plaintiff's past relevant work was unskilled. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 19,000 jobs in Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (A.R. 274-76). The ALJ held that this constituted a significant number of jobs. Using Rule 202.17 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 14-22).

1.

Plaintiff's statement of error is that the ALJ "fail[ed] to adequately consider her psychiatric complaints." (Plaintiff's Brief at 4). She argues that there was "no basis for finding that her testimony [was] not credible." (*Id.* at 4). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see McGlothlin v. Commissioner*, No. 07-4355, 2008 WL 4772077, at * 5 (6th Cir. Oct. 31, 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review,

[the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

      I find that the ALJ's credibility determination (A.R. 19-20) is supported more by more than substantial evidence. The ALJ did not reject plaintiff's testimony out of hand, but carefully compared her claims to the medical evidence, the observations of the doctors, and the scope of her daily activities. This is precisely the analysis that is expected of the ALJ. The decision to grant less than full credence to plaintiff's claims of psychological impairment was reasoned and supported by the record.

**2.**

      Plaintiff makes a frivolous argument that the ALJ "unlawfully failed to evaluate the Plaintiff's psychiatric condition in the manner required by [] statute." (Plaintiff's Brief at 5)(quoting 42 U.S.C. 421(h)). Section 421(h) states as follows:

> (h) Evaluation of mental impairments by qualified medical professionals
>
> An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed

the medical portion of the case review and any applicable residual functional capacity assessment.

42 U.S.C. § 421(h).  The ALJ's May 22, 2007 decision was not an "initial determination" under section 421(h).[2] An initial determination is part of the administrative process that occurs well before an ALJ hearing.

The initial determinations in the present case took place on October 22, 2004.  They were made in compliance with 42 U.S.C. § 421(h).  On September 3, 2004, plaintiff received a consultative psychological examination conducted by licensed psychologist Steve Geiger, Ph. D. (A.R. 114-19).  On September 20, 2004, Psychologist Linda Brundage, Ed. D., completed a psychiatric review technique form (A.R. 136-49) and a mental residual functional capacity assessment (A.R. 150-54).  Psychologist Brundage was qualified to evaluate plaintiff's mental impairments under section 421(h).  *See Crum v. Sullivan*, 921 F.2d 642, 644-45 (6th Cir. 1990).  All of this takes place well before the ALJ hearing and forms part of the record for the ALJ's review.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  January 28, 2009          /s/  Joseph G. Scoville
                                  United States Magistrate Judge

---

[2] The ALJ was not bound by the initial determination.  He conducted the administrative hearing and a *de novo* review of the administrative record.  *See McGlothlin v. Commissioner*, 2008 WL 4772077, at * 1.

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).